[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff husband, Wolfram Gmelin, forty-six, married the defendant wife, Judith A. Colombo, fifty-four, on May 22, 1987 at Waterbury, Connecticut. Robin Lenz Gmelin, born March 23, 1993, was adopted by both parties in 1993.
The plaintiff, an FDA compliance specialist in private industry, had a heart attack and is on short term disability. The defendant is a clerk typist at a bank. Both parties have had several years of college. Their current incomes are listed on their respective affidavits. The parties now seek a decree of divorce and the court's decision as to child custody, visitation, property distribution, alimony, and education of the minor child. There was a two day hearing in Danbury on this case.
The plaintiff husband has resided continuously in this state for twelve months prior to the date of the complaint. The parties have lived separately for over one year There are no pending legal actions or other proceedings in any court of this state or any other state or in any other jurisdiction relating to the custodial rights or visitation of the minor child. Neither party is a recipient of state assistance.
The plaintiff testified as to his daily consumption of alcoholic beverage. He is also on anti-anxiety medication per his testimony. The minor child has special needs for his physical and educational life. There are substantial assets available: the jointly owned home at 9 Side Cut Road in Redding, and the plaintiffs single family home in Naugatuck, located at 170 Aetna Street. It is noted that the plaintiff, during the marriage, purchased the Naugatuck house and owns it without a mortgage. On his affidavit, the plaintiff listed the Naugatuck house at a value of $103,000.
Having reviewed the evidence in light of §§ 46b-81, 46b-82 and relevant case law, the court enters the following decree: CT Page 930
1. Judgment is entered dissolving the marriage on the grounds of irretrievable breakdown.
2. Both parties will share joint legal custody of the minor child. The adopted son, Robin, will reside with the mother, the defendant wife, who will have primary physical custody. The plaintiff father will have right of visitation which will be reasonable, flexible and liberal. On alternate weekends (Friday after school until Sunday at 9:30 a.m. when he will be returned to his mother's place of residence), the father will have the son. The father will also have the right to visit one evening during the week for dinner, alternating civil, religious and school holidays and a two-week summertime vacation with the son.
3. The plaintiff shall pay to the defendant child support for the minor child of $85 per week per child support guidelines. The plaintiff shall continue to provide medical insurance coverage for the minor child, including current secondary policy supplemental medical coverage, unless and until the defendant has such medical insurance available to her. At that time, the party with the best plan available at the most reasonable cost shall be responsible for providing the plan, and the plaintiff will be responsible for paying the costs attributable only to the minor child. Excess medical expenses and charges beyond medical insurance coverage for the minor child shall be shared equally by the parties. The plaintiff shall continue to maintain a life insurance policy in the amount of $50,000 for the benefit of the minor child for so long as child support obligations continue. The policy shall be assigned to the defendant as trustee for the benefit of the minor child.
4. Each party shall assume the liabilities, i.e., debts, set forth in their respective affidavits and shall indemnify and hold the other harmless from any claim arising because of the failure to satisfy such obligation.
5. The investment accounts, bank accounts, stocks, bonds, mutual funds, retirement accounts and vehicles listed on the respective affidavits shall become and remain the sole property of the respective parties.
6. The defendant shall be awarded all of the household furnishings located in the marital residence on Side Cut Road in Redding, and the plaintiff shall be awarded all the furnishings located in the Naugatuck property. However, the plaintiff is awarded all of his clothing, tools, equipment and personal effects which are currently located at the Side Cut Road property and shall be allowed reasonable access upon prior notice to the defendant. CT Page 931
7. The plaintiff is awarded the home he occupies at 170 Aetna Street in Naugatuck.
8. In light of prior conflict between the parties over listing of real estate, the marital residence on Side Cut Road in Redding shall be listed for sale with Caldwell Banker/Shaker Real Estate of Georgetown, Connecticut. Both parties' counsel will contact the manager of the Georgetown office to arrange the listing. Until the sale of the marital home is consummated by the transfer of title, the plaintiff shall continue to pay mortgage, taxes, electric service, fuel oil and homeowners policy, totaling $454 per week.
9. From the proceeds of the sale of the premises, the costs attributable to such sale (brokerage, attorney's fees, transfer taxes and the like) shall be paid. Thereafter, the mortgage shall be paid and the balance of the funds left shall be deemed to be "net proceeds."
10. From the net proceeds, $76,000 will be set aside in a custodial account, controlled and held in trust by the defendant mother, for the benefit of the minor child's college education expenses. If the child dies prior to his attending college or if by age nineteen he elects not to go to college or to continue his education beyond high school, then the parties shall decide how to distribute the custodial account.
11. After deductions for the custodial account for the minor child, as set out above, in addition, $70,000 of the balance of the net proceeds will be distributed to the plaintiff husband, and the remaining balance of the net proceeds will go entirely to the defendant wife and will represent a lump sum payment to her in lieu of any alimony payment award to her. Neither party shall pay alimony to the other and the obligation to pay alimony shall be forever barred. This order is based upon a finding that both the defendant wife and plaintiff husband are capable of being self-supporting even though the plaintiffs health and medical condition has been compromised.
12. The parties will bear the respective costs of their own counsel fees. Counsel for the plaintiff shall prepare the judgment file.
 ___________________ Downey, J.
CT Page 932